IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES FISHER, *ET AL.* | * | |
| PLAINTIFFS, | * | |
| v. | * | CIVIL NO. RDB-11-0984 |
| RITE AID CORPORATION AND ECKERD CORPORATION D/B/A RITE AID, | * | |
| | * | |
| DEFENDANTS. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff James Fisher ("Plaintiff" or "Fisher"), on behalf of himself and others similarly situated, filed this class action lawsuit in the Circuit Court for Baltimore City against Defendants Rite Aid Corporation ("Rite Aid") and Eckerd Corporation ("Eckerd") (collectively, "Defendants") alleging violations of the Maryland Wage Payment and Collection Law ("MWPCL") and the Maryland Wage and Hour Law ("MWHL"). Defendants removed this action to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A). While the Defendants have moved to dismiss this case on several grounds, their primary argument is that it is duplicative of earlier filed actions brought under the Fair Labor Standards Act ("FLSA") in this Court as well as in the United States District Court for the Middle District of Pennsylvania. In other words, Defendants argue that the law of the case doctrine mandates dismissal of the Plaintiff's case. The parties' submissions have been fully briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendants' Motion to Dismiss (ECF No. 19) is GRANTED.

**BACKGROUND & PROCEDURAL HISTORY**

On December 29, 2008, Rite Aid and Eckerd were named as defendants in a class action

lawsuit brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §

207, in the United States District Court for the Middle District of Pennsylvania. *See generally*

*Craig v. Rite Aid Corp.*, No. 08-cv-2317, 2009 WL 4723286 (M.D. Pa. Dec. 9, 2009). On June

26, 2009, Plaintiff James Fisher ("Plaintiff" or "Fisher") joined the *Craig* class action and on

December 9, 2009, the federal court in Pennsylvania granted conditional certification, permitting

notice of opt-in opportunity to a nationwide collective class, defined to include "all individuals

classified as exempt from the FLSA's overtime pay provisions and employed as salaried

Assistant Managers . . ." *Id.* at *4.

Soon after joining the *Craig* class action, on July 21, 2009, Fisher filed suit in this Court

(*Fisher I*) pursuant to the Maryland Wage Payment and Collection Law ("MWPCL") and the

Maryland Wage and Hour Law ("MWHL"). On June 8, 2010, this Court dismissed Fisher's

MWHL claim without prejudice, pursuant to the first-to-file-rule on the ground that Fisher's

action was related to another action filed in the United States District Court for the Middle

District of Pennsylvania, namely, the *Craig* class action. *See Fisher v. Rite Aid Corp.*, No. RDB-

09-1909, 2010 WL 2332101, at *3 (D. Md. June 8, 2010).[1]

Plaintiff subsequently filed a similar Complaint (*Fisher II)* in the United States District

Court for the Middle District of Pennsylvania. *See Fisher v. Rite Aid Corp.*, 764 F. Supp. 2d

700, 705-06 (M.D. Pa. 2011). On February 16, 2011, the Pennsylvania District Court dismissed

Plaintiff's complaint without prejudice on the ground that Plaintiff's MWHL claim was

"inherently incompatible" with the FLSA claim he had asserted in the *Craig* action as an opt-in

---

[1] This Court dismissed the Plaintiff's MWPCL claim with prejudice as that statute does not
govern claims for overtime wages.

plaintiff.  *Id.*  In dicta, the Pennsylvania District Court noted that Plaintiff could re-file his

MWHL action in state court, "provided the statute of limitations or other procedural matters do

not bar such initiation . . ."  *Id.* at 706.

On March 14, 2011, Plaintiff filed a Notice of Appeal to the United States Court of

Appeals for the Third Circuit, which was consolidated with another appeal of a case against Rite

Aid filed by Plaintiff's counsel that is currently pending.[2]  Within days of filing his Notice of

Appeal, Plaintiff filed this pending class action suit in the Circuit Court for Baltimore City.

Defendants removed this action pursuant to the Class Action Fairness Act, 28 U.S.C. §

1332(d)(2)(A).[3]

On April 26, 2011, Defendants filed the pending Motion to Dismiss.  Essentially,

Defendants argue that Plaintiff's lawsuit is precluded by law of the case principles.

Alternatively, Defendants also argue that this Court should dismiss this case under the first-to-

file rule as in *Fisher I*, and under the doctrine of inherent incompatibility as the *Fisher II* court

did.  For the following reasons, Defendants' Motion to Dismiss (ECF No. 19) is GRANTED

pursuant to the law of the case doctrine.

### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the

pleadings any time after the pleadings are closed, as long it is early enough not to delay trial.[4]

*See* Fed. R. Civ. P. 12(c).  The legal standard governing such a Motion is the same as a Motion

---

[2]  *Fisher* II was consolidated with *Knepper v. Rite Aid Corp.*, 764 F. Supp. 2d 707, 708 (M.D. Pa. 2011).

[3]  Plaintiff pleaded the Class Action Fairness action as grounds for federal jurisdiction in both *Fisher I* and *Fisher II*.  *See* Notice of Removal, ECF No. 1.

[4]  Defendants filed an Answer (ECF No. 13) on April 21, 2011, prior to filing the Motion to Dismiss (ECF No. 19).

to Dismiss under Rule 12(b)(6).  *See, e.g.*, *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th

Cir. 1999); *Booker v. Peterson Cos.*, 412 F. App'x 615, 616 (4th Cir. Feb. 25, 2011);

*Economides v. Gay*, 155 F. Supp. 2d 485, 488 (D. Md. 2001).  In determining whether dismissal

is appropriate, this Court assumes as true all well-pleaded facts in the plaintiff's complaint, but

does not accept the plaintiff's legal conclusions.  *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937

(2009); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is

plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons*

*v. United Mort. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011); *Andrew v. Clark*, 561 F.3d

261, 266 (4th Cir. 2009).  To survive a Rule 12(b)(6) motion, the legal framework of the

complaint must be supported by factual allegations that "raise a right to relief above the

speculative level."  *Twombly,* 550 U.S. at 55.  The Supreme Court has explained that

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice" to plead a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct.

1937, 1949 (2009).

## ANALYSIS

The law of the case doctrine provides that "when a court decides upon a rule of law, that

decision should continue to govern the same issues in subsequent stages in the same case."

*Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983); *see also*

*Allfirst Bank v. Progress Rail Serv. Corp.*, 178 F. Supp. 2d 513, 517 (D. Md. 2001).  Such a rule

"promotes the finality and efficiency of the judicial process by protecting against the agitation of

settled issues."  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, (1988) (citation

and internal quotations omitted).

While courts exercise discretion in applying the law of the case doctrine, *see Pepper v. United States*, 131 S. Ct. 1229, 1250 (2011), the United States Court of Appeals for the Fourth Circuit has noted that a court should generally uphold prior rulings in the same or similar litigation unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *Sejman v. Warner-Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988). Deference to earlier rulings in the same or similar litigation serves to avoid reconsideration of the same issues over and over. *See Ulmet v. United States*, 888 F.2d 1028, 1031 (4th Cir. 1989) (declining jurisdiction over a claim that conflicted with another court's determination on grounds of judicial comity). Moreover, the law of the case doctrine applies as much to the "decisions of a coordinate court in the same case as to a court's own decisions." *Christianson*, 486 U.S. at 816.

In this case, both the parties and the underlying factual issues are the same as earlier filed cases in both this Court and the United States District Court for the Middle District of Pennsylvania. *See New Beckley Mining Corp. v. International Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991) (noting that cases are parallel when "substantially the same parties litigate substantially the same issues in different forums"). When Plaintiff filed suit against the same Defendants and asserted the same or similar claims a year ago, this Court dismissed this case (*Fisher I*) on the ground that the first-to-file rule "requires substantially overlapping cases filed in separate fora to be resolved in the forum where the initial case is filed unless a balance of convenience favors the second action." *See Fisher v. Rite Aid Corp.*, No. RDB-09-1909, 2010 WL 2332101, at *2 (D. Md. June 8, 2010) (citations omitted). Moreover, the United States District Court for the Middle District of Pennsylvania also dismissed this case (*Fisher II*) under

the doctrine of inherent incompatibility.  *See Fisher v. Rite Aid Corp*., 764 F. Supp. 2d 700, 705-

06 (M.D. Pa. 2011).  As Defendants aptly note in their memorandum, Plaintiff's dissatisfaction

with a district court's decision does not allow him to appeal that decision to a different district

court.  *See Ellicott Mach. Corp. v. Modern Welding Co*., 502 F.2d 178, 181 (4th Cir. 1974)

(noting that considerations of comity and judicial economy do not allow for a plaintiff to "appeal

from one district court to another").

      The exceptions to the law of the case doctrine also do not apply to this case.  Subsequent

trials of this case have not produced "substantially different evidence,"  *Sejman*, 845 F.2d at 69,

nor has any "controlling authority . . . since made a contrary decision of law applicable to the

issue."  *Id.*  Additionally, the prior decisions of this Court and the United States District Court

for the Middle District of Pennsylvania  were not "clearly erroneous" nor would they result in a

"manifest injustice" to the Plaintiff.  *Id.*  While the Pennsylvania court indicated that Plaintiff

could file his MWHL claim in state court, the only reasonable interpretation of the court's

language was that Plaintiff could file his own *individual* claim in Maryland state court—not the

same class action that has been dismissed by two federal district courts.

      In sum, this action is now the third iteration of a case that has been dismissed by two

separate federal courts.  Under the law of the case doctrine, "when a court decides upon a rule of

law, that decision should continue to govern the same issues in subsequent stages in the same

case."  *Arizona,* 460 U.S. at 618.  In this case, the Plaintiff may not relitigate the same or similar

claims because revisiting such decisions "threaten[s] to send litigants into a vicious circle of

litigation." *Christianson*, 486 U.S. at 816.

      As a final matter, Plaintiff's Complaint will be dismissed with prejudice.  Having already

dismissed the Plaintiff's claims in *Fisher I*, this Court must avoid "the agitation of settled issues

as well as the burdens of repeated reargument by indefatigable diehards." *Baron Fin. Corp. v. Natanzon*, 509 F. Supp. 2d 501, 520 (D. Md. 2007) (quoting *Christianson*, 486 U.S. at 816; 18B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478 (2d ed. 2002)).

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 19) is GRANTED.

A separate Order follows.

Dated: February 23, 2012

/s/_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE